UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ANTONIO VALLADARES-PERALTA,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. 5:26-cv-03895-SSC

MEMORANDUM AND ORDER

On July 13, 2026, Antonio Valladares-Peralta filed this counseled petition for writ of habeas corpus by person in federal custody pursuant to 28 U.S.C. § 2241.  (ECF 1.)  Petitioner is in immigration detention in Adelanto, California.  (*Id.* at 2.)

The petition alleges the following facts.  Petitioner entered the United States without authorization on or about 1998.  (*Id.* at 3.)  On May 6, 2026, Petitioner was detained by the Department of Homeland Security (DHS).  (*Id.*)  That day, DHS initiated removal proceedings against Petitioner.  (*Id.*)  On May 11, 2026, Petitioner filed a motion for bond re-determination with the Adelanto Immigration Court; however, on May 19, 2026, the Immigration Judge (IJ) issued an order denying the bond hearing stating that the Immigration Court did not have jurisdiction to hold a bond hearing.  (*Id.*)  Petitioner attaches as an

exhibit a copy of the IJ's May 19, 2026 order.  (ECF 1-1 at 5.)  In April 2021, Petitioner's sister filed a Form I-130, Petition for Alien Relative, on Petitioner's behalf with U.S. Citizenship and Immigration Services. (ECF 1 at 4.)  Petitioner alleges that he is "statutorily eligible to seek adjustment of status" pursuant to 8 U.S.C. § 1255.  (*Id.*)

Petitioner argues that he is entitled to a bond hearing at which Respondents must bear the burden of proving by clear and convincing evidence that Petitioner's continued detention is necessary because Petitioner poses a danger to the community or a risk of flight.  (*Id.* at 5.) Petitioner asks that the Court order Respondents to provide such a bond hearing and to release Petitioner if they fail to provide a bond hearing within seven days of the Court's order.  (*Id.* at 6.)  Petitioner also seeks attorney's fees and costs pursuant to the Equal Access to Justice Act.  (*Id.* at 7.)

On July 21, 2026, Respondents filed an answer.  (ECF 12.) Respondents argue that the petition should be denied, but provide that "[a]lternatively, if the Court is inclined to grant any relief, it should be limited to an order that Petitioner be released unless a bond hearing pursuant to 8 U.S.C. § 1226(a) is provided within seven days after entry of judgment[.]"  (*Id.* at 5–6.)  Respondents state that Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista*" and that "to the extent Petitioner would be entitled to any remedy via the Petition, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)" within seven days.  (*Id.* at 3–4.)

Because Petitioner has been identified as a *Maldonado Baustista* class member and the parties apparently agree that Petitioner is entitled to a bond hearing, the Court grants the petition as to that

relief. In that posture, there is no need for the Court to decide anew or revisit whether Petitioner is entitled to a bond hearing on grounds or terms other than those stated and provided in *Maldonado Bautista* cases. *See, e.g., Aguilar v. Janecka*, No. 5:26-cv-00602-SSS-BFM, 2026 WL 579157, at *1 (C.D. Cal. Mar 2., 2026).

Moreover, consistent with the form of relief that other detainees have been receiving under *Maldonado Bautista* when enforcing the judgment of that case through individual habeas petitions, the government should bear the burden at a discretionary detention hearing before an immigration judge to prove by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public. *See, e.g., Munoz v. Johnson*, No. 2:26-cv-02171-SSS-MAA, 2026 WL 905513, at *1 (C.D. Cal. Apr. 1, 2026); *Benites v. Janecka*, No. 5:26-cv-00222-SSS-BFM, 2026 WL 579160, at *1 n.1 (C.D. Cal. Mar. 2, 2026); *Martinez v. Rios*, No. 5:26-cv-00679-SSS-BFM, 2026 WL 576010, at *1 n.1 (C.D. Cal. Mar. 2, 2026). There is no cause—and Respondents offer none—to give Petitioner a lesser or different form of relief than that being given to other detainees that have similarly been found to be subject to the *Maldonado Bautista* judgment.

## ORDER

**IT IS ORDERED** that Judgment shall be entered (1) granting the petition; and (2) enjoining Respondents from continuing to detain Petitioner unless no later than **July 29, 2026**, he is provided with an individualized bond hearing at which the government must bear the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public.

DATED: July 22, 2026

_____
HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE

4